Javier ZAMORA, Petitioner—Appellee,

v.

Darrel G. ADAMS, Warden,
Respondent—Appellant.

No. 03–57074.

D.C. No. CV–02–03002–CAS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2005.

Submission withdrawn Jan. 20, 2005.

Resubmitted Sept. 14, 2005.

Sept. 19, 2005.

Javier Zamora, Imperial, CA, for Petitioner–Appellee.

Wayne R. Young, Santa Monica, CA, Steven Edward Mercer, Los Angeles, CA, for Respondent–Appellant.

Before O'SCANNLAIN and CLIFTON, Circuit Judges, and WEINER,* Senior Judge.

## MEMORANDUM**

Javier Zamora was convicted in California Superior Court along with three others of the attempted murder of Hugo Cruz, and related offenses, for which he received a sentence of 29 years. At the trial, Cruz refused to testify because of the possibility of his testimony being used against him in a related gun possession case. The Superior Court ruled that three statements that

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cruz previously had made to the police-at the scene of the crime, in the hospital two days later, and during questioning about his own case-were admissible as statements of an unavailable witness pursuant to Cal. Evid.Code § 1370.

On direct appeal, all counts were affirmed by the California Court of Appeal and a petition for review was denied by the California Supreme Court. Zamora petitioned for a writ of habeas corpus in federal district court, claiming, among other things, that his Sixth Amendment right to confront Cruz had been violated and that he had been denied the effective assistance of counsel because his attorney had failed to object to Cruz's testimony on Confrontation Clause grounds. The magistrate judge assigned to Zamora's case recommended that his petition be granted because the admission of Cruz's second and third statements[1] violated the Confrontation Clause and because Zamora's lawyer should have objected to their admission at trial. The district court adopted the magistrate judge's report and recommendation and ordered a new trial. The State filed a timely notice of appeal and a motion to stay the decision pending appeal, which was granted.

## I

■ Our recent decision in *Bockting v. Bayer*, 399 F.3d 1010 (9th Cir.2005), held that the Confrontation Clause rule announced by the U.S. Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), applies retroactively under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See Bockting*, 399 F.3d at 1012–13. It also held that the *Teague* exceptions were incorporated into the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See id.* at 1020–21. Accordingly, the decision of the California Court of Appeal, which affirmed Zamora's conviction even though he did not have an adequate opportunity to cross-examine Cruz, was "contrary to" established Supreme Court precedent in *Crawford*, as made retroactive under *Teague*. *See id.* at 1021–22.

## II

■ Without Cruz's subsequent identification of Zamora from photographs, and without his further testimony about the circumstances of his beating and shooting contained in his improperly admitted statements, the only evidence connecting Zamora to the crime scene would have been the internally contradictory testimony of Gilberto Rodriguez,[2] a friend of Cruz and fellow gang member, and Cruz's equivocal statement at the scene of the crime.[3] On the other side of the factfinding ledger, Zamora presented an alibi defense, which included testimony from his uncle that he was in Mexico around the date of the assault. During the course of the jury's six day deliberation, the jurors submitted a request for a readback of Cruz's uncle's testimony.

1. The first statement, made at the scene of the crime, was properly admitted under the "excited utterance" exception to the hearsay rule.

2. Rodriguez initially said that he did not see Zamora strike Cruz, but later testified that he did. Asked to explain this change in his testimony, his response was simply "I don't know."

3. In this statement, Cruz identified his assailants by gang monikers, one of which was recorded by the police as "Chayo." The State asserts that this is a mistranscription of "Child," which was one of Zamora's gang names. This is a plausible argument, but one which the jury did not need to consider given the fact that Cruz later identified Zamora by photograph. Without that identification, however, the case against Zamora would have been much less convincing and the jury would have had to consider seriously the question of whether Zamora was "Chayo."

Considering the weakness of the State's case without the victim's inadmissible statements, we conclude that the Confrontation Clause error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

### III

The district court's grant of Zamora's petition for a writ of habeas corpus on the ground that his right of confrontation under the Sixth Amendment was violated by the admission of Cruz's second and third out-of-court statements is

AFFIRMED.