**Javier ZAMORA, Petitioner—Appellee,**

v.

**Darrel G. ADAMS, Warden,
Respondent—Appellant.**

No. 03–57074.

United States Court of Appeals,
Ninth Circuit.

Nov. 26, 2007.

Javier Zamora, Imperial, CA, pro se.

Wayne R. Young, Esq., Santa Monica, CA, for Petitioner–Appellee.

Steven E. Mercer, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellant.

Before: REINHARDT, O'SCANNLAIN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Javier Zamora was convicted in California Superior Court of the attempted murder of Hugo Cruz and related offenses. On direct appeal, the California Court of Appeal affirmed all counts, and the California Supreme Court denied Zamora's petition for review.

## I

Zamora then petitioned for a writ of habeas corpus in federal district court, claiming, among other things, that his Sixth Amendment right to confront Cruz had been violated and that he had been denied the effective assistance of counsel because his attorney had failed to object to the admission of Cruz's out-of-court statements on Confrontation Clause grounds. The magistrate judge recommended that the petition be granted on both grounds. The district court adopted the magistrate judge's report and recommendation and ordered a new trial. The State filed a timely notice of appeal and a motion to stay the decision pending appeal, which was granted.

In *Bockting v. Bayer,* 399 F.3d 1010, 1012–13 (9th Cir.2005), we held that the Confrontation Clause rule announced by the U.S. Supreme Court in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), applies retroactively under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Relying on *Bockting,* we affirmed the grant of Zamora's habeas petition. *Zamora v. Adams,* 150 Fed.Appx. 583 (9th Cir.

2005). In *Whorton v. Bockting,* —— U.S. ——, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007), the United States Supreme Court held that *Crawford* has no retroactive application to cases on collateral review. The Court therefore vacated our prior judgment remanded this case for further consideration in light of *Whorton. Adams v. Zamora,* —— U.S. ——, 127 S.Ct. 1482, 167 L.Ed.2d 225 (2007).

## II

■ Zamora contends that, by deeming Cruz unavailable to testify, the state trial court denied him an . opportunity to confront Cruz in violation of the Sixth Amendment. However, Zamora failed to object to Cruz's unavailability despite having been provided a clear opportunity to do so by the state court. Accordingly, Zamora's Sixth Amendment claim pertaining to Cruz's unavailability is procedurally barred. *See Windham v. Merkle,* 163 F.3d 1092, 1100 (9th Cir.1998).

## III

■ In reviewing Zamora's claim that the admission of Cruz's statements violated the Sixth Amendment, we are obligated to accord deference to the state court's factual findings and legal determinations. *See* 28 U.S.C. §§ 2254(d), (e)(1); *Uttecht v. Brown,* —— U.S. ——, 127 S.Ct. 2218, 2225, 167 L.Ed.2d 1014 (2007). In light of that deferential standard of review, we hold that the state court's conclusion that Cruz's out-of-court statements were admissible under the then-governing test set forth in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), was not unreasonable.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## IV

██ The district court held that Zamora was denied effective assistance of counsel in violation of the Sixth Amendment, due to his attorney's failure to object to the admission of Cruz's statements. However, the state trial court rejected multiple objections to the admission of those statements on the ground that they were unreliable under California Evidence Code § 1370. The attorney's failure to raise an identical objection under the Confrontation Clause was not objectively unreasonable. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, the state court reasonably concluded that the failure to object to Cruz's unavailability was not objectively unreasonable. Accordingly, Zamora's counsel did not render ineffective assistance.

## V

For the foregoing reasons, the district court's decision is **REVERSED** and this case **REMANDED** with instructions that Zamora's petition for writ of habeas corpus be dismissed.

REINHARDT, Circuit Judge, dissenting.

In *Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), the Supreme Court adopted an exceptionally high standard for determining when an out-of-court statement bears the "particularized guarantees of trustworthiness" required for admission under the Confrontation Clause test set forth in *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Under this standard, if a defendant is to be denied the right of cross-examination, the party seeking admission of a statement must demonstrate that "the declarant's truth-fulness is *so clear* from the surrounding circumstances that the test of cross-examination would be of marginal utility...." *Wright,* 497 U.S. at 820, 110 S.Ct. 3139 (emphasis added). The record before the state court in this case fails to establish that the witness's truthfulness was "so clear" that cross-examination would have been of only "marginal utility." Three of the six reasons relied on by the state court are wrong as a matter of law. Three were based on facts that the state court clearly misperceived. As to the latter, contrary to the state court's finding: 1) the witness wavered in recounting the events of the crime; 2) he had a strong motive to fabricate the identifications; and 3) he was already at risk of gang violence. Cross-examination indeed might have been of far more than marginal utility. Because Zamora's constitutional right to confront the witness against him was unquestionably violated, I dissent.